UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| United States of America, | File No. 19-cr-0335 (ECT/HB) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| Miguel Venegas Velazquez (2) and Alberto Rafael Olvera, Jr. (3), | |
| Defendants. | |

_____

On January 16, 2020, Defendant Miguel Venegas Velazquez filed a motion to suppress evidence obtained as the result of a search and seizure, ECF No. 47, and a motion to sever Defendant Fernando Cevastian Duenas Banuelos, ECF No. 48. The following day, Defendant Alberto Rafael Olvera, Jr. filed a motion to suppress statements, ECF No. 58, and a motion to suppress evidence obtained as the result of a search and seizure, ECF No. 59. On February 21, 2020, a hearing on these motions was held before United States Magistrate Judge Hildy Bowbeer. ECF Nos. 73, 81 (minute entry and transcript of hearing). On April 3, 2020, Venegas Velazquez filed a pro se addendum to his motion to suppress evidence. ECF Nos. 97, 102. Magistrate Judge Bowbeer issued a Report and Recommendation on April 27, 2020, and recommends denying each of these four motions, and recommends considering and denying the arguments raised in Venegas Velazquez's pro se addendum. ECF No. 112. Both Venegas Velazquez and Olvera have filed objections to Magistrate Judge Bowbeer's Report and Recommendation. ECF Nos. 117, 120. In response to these objections, the Government submitted an email response asking

that Magistrate Judge Bowbeer's Report and Recommendation be adopted. Because Venegas Velazquez and Olvera have objected, the Report and Recommendation is reviewed de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). Upon that review, Magistrate Judge Bowbeer's analysis and conclusions are correct and the Report and Recommendation will be accepted in full.

Venegas Velazquez's objections to the Report and Recommendation will be overruled. The task of a judge being asked to issue a warrant is to make a "practical, common-sense decision" whether under the totality of the circumstances set forth in the supporting affidavit there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983). The duty of a court reviewing that determination "is simply to ensure that the [issuing judge] had a substantial basis for concluding that probable cause existed." *Id.* The facts set forth in Special Agent Fletcher's affidavit plainly provide a substantial basis for the issuance of a warrant to search the property at 7xx Aurora Avenue. *See* Report and Recommendation at 9–10; Fletcher Affidavit, Government's Hearing Exhibit 3. That Special Agent Fletcher's affidavit did not explicitly note criminal activity does not mean the affidavit does not support a probable cause determination, as it is "well established that a judge may draw reasonable inferences from the totality of the circumstances" described in the affidavit and "law enforcement officers may make reasonable inferences in preparing affidavits in support of a warrant." *United States v. Thompson*, 210 F.3d 855, 860 (8th Cir. 2000). To the extent Venegas Velazquez objects to Magistrate Judge Bowbeer's recommended denial

of his pro se addendum to his motion to suppress,[1] that objection too will be overruled for the reasons stated in the Report and Recommendation.

Olvera's objections will also be overruled. Special Agent Hage had reasonable and articulable suspicion to conduct an investigatory, or *Terry*, stop on December 7. *See* Report and Recommendation at 24–27. Special Agent Hage's decision to handcuff and place Olvera in his unmarked car was "reasonably necessary to protect [his] personal safety and to maintain the status quo during the course of the stop," and did not transform the investigatory stop into an arrest. *United States v. Navarrete-Barron*, 192 F.3d 786, 790 (8th Cir. 1999) (quoting *United States v. Hensley*, 469 U.S. 221, 235 (1985)); *see* Hearing Transcript at 45. Finally, the duration of time Olvera was detained did not exceed the amount of time "reasonably necessary to achieve the purpose of the *Terry* stop." *Navarette-Barron*, 192 F.3d at 790. Special Agent Hage had called for assistance prior to initiating the investigatory stop, and after stopping and detaining Olvera, waited about ten minutes for backup to arrive. *See* Hearing Transcript at 45–47. When backup arrived, Special Agent Hage began asking Olvera questions, and about 5 minutes into the questioning Olvera stated the bags he possessed contained approximately 50-80 pounds of methamphetamine. *See id.*; Government Hearing Ex. 2. At that point, Special Agent Hage

---

[1] Venegas Velazquez's objection concedes that "Magistrate Judge [Bowbeer] did not misconstrue" *Hudson v. Michigan*, 547 U.S. 586 (2006) when determining that suppression is not warranted even if the officers executing the warrant violated the knock-and-announce rule codified at 18 U.S.C. § 3109. Venegas Velazquez Obj. at 7 [ECF No. 117]. Despite this concession, Venegas Velazquez asserts that Magistrate Judge Bowbeer "could have attempted to craft some alternative remedy," without suggestion as to what remedy may have been appropriate other than suppression.

had probable cause to arrest Olvera, and Olvera's continued detention was permissible. The fifteen minutes from when Olvera was first detained to when he admitted to possessing methamphetamine was not an "unreasonably long time" for Special Agent Hage to achieve the purpose of the investigatory stop, nor did it transform the investigatory stop into an arrest. *United States v. Newell*, 596 F.3d 876, 879 (8th Cir. 2010); *see Waters v. Madson*, 921 F.3d 725, 737 (8th Cir. 2019) (twenty minute detention not unreasonable); *Chestnut v. Wallace*, 947 F.3d 1085, 1088 (8th Cir. 2020) (twenty minute, handcuffed detention "squarely places [detained suspect's] seizure on the detention side of the line" between detention and arrest).

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. Defendant Miguel Venegas Velazquez's Objections to the Report and Recommendation [ECF No. 117] are **OVERRULED**;

2. Defendant Alberto Rafael Olvera, Jr.'s Objections to the Report and Recommendation [ECF No. 120] are **OVERRULED**;

3. The Report and Recommendation [ECF No. 112] is **ACCEPTED** in full;

4. Defendant Miguel Venegas Velazquez's Motion to Suppress Evidence Obtained from Search and Seizure [ECF No. 47] is **DENIED**;

5. Defendant Miguel Venegas Velazquez's Motion for Severance [ECF No. 48] is **DENIED**;

6. Defendant Miguel Venegas Velazquez's Motion to Consider Defendant's Pro Se Motion [ECF No. 102] is **GRANTED** in that the arguments advanced in that pro se motion have been considered, but **DENIED** as to the relief requested in the pro se motion;

7. Defendant Alberto Rafael Olvera, Jr.'s Motion to Suppress Statements or Admission [ECF No. 58] is **DENIED**;

8. Defendant Alberto Rafael Olvera, Jr.'s Motion to Suppress Search and Seizure [ECF No. 59] is **DENIED**.

Date: June 15, 2020         s/ Eric C. Tostrud
                            Eric C. Tostrud
                            United States District Court